1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    ROBOCAST, INC.,                              No. C -13-80124 RS (EDL)

9              Plaintiff,                         **ORDER**

10    v.

11   MICROSOFT CORP.,

12             Defendant.
                                              /
13

14

15       This is an action for patent infringement regarding automated web browsing tools and

16   technology covered by U.S. Patent No. 7,155,451 (the "451 patent").  Pending before the Court is

17   Plaintiff's Motion to Compel Rule 30(b)(6) Deposition of Miomni Corporation ("Miomni"), a third

18   party believed to have information concerning the design, development, and functionality of the

19   alleged infringed product.  Miomni has not objected to the subpoena, designated a witness, or

20   otherwise substantively replied to the subpoena.  Plaintiff seeks an order compelling Miomni to

21   prepare and produce a witness for deposition.  Judge Seeborg referred the case to the Court for

22   discovery purposes.  Docket No. 6.   The Court grants Plaintiff's motion to compel Miomni to

23   designate, prepare, and produce a witness for Plaintiff's noticed topics.

24

25       On December 6, 2010, Plaintiff Robocast filed a complaint against Defendant Microsoft for

26   infringement of the "451 patent."  Declaration of Justin Gray, hereafter "J. Gray Decl.," Exh. A.

27   Among the accused products was a feature incorporated into Microsoft's Windows Media Center for

28   Windows Vista known as the Sports Channel.  J. Gray Decl. Exh. B.  Defendant has denied that it

     possesses relevant information concerning the Sports Channel but confirmed that a Miomni-related

**United States District Court**
**For the Northern District of California**

**United States District Court**
For the Northern District of California

1  entity called Miomni Ltd. designed and developed the Sports Channel software for Microsoft.  J.

2  Gray Decl Exh. D.

3

4  On March 12, 2013, Plaintiff properly served a deposition subpoena pursuant to Federal Rule

5  of Civil Procedure 30(b)(6) on Miomni, requesting information known to Miomni Corp. and any

6  related parent, subsidiary, or otherwise affiliated companies concerning seventeen topics related to

7  the Sports Channel.  J. Gray Decl. Exh. I. On March 14, 2013, Mr. Andy Watt, director and

8  shareholder of Miomni Ltd. and Miomni Holdings, informed Plaintiff that Miomni Ltd. had

9  dissolved and all documents, including source code, relating to the Sports Channel "went" during

10  the liquidation.  J. Gray Decl. Exh. E at 4.  Mr. Watt would not confirm that the documents had been

11  destroyed, but stated that Miomni did not hold any documentation or code. J. Gray Decl. Exh. E at

12  3-44.  Despite evidence to the contrary, including representations on Miomi Holdings' website, Mr.

13  Watt asserted that Miomni Corp. had nothing to do with the Sports Channel and Miomni Corp. does

14  not have any employees in the United States.  Id. at 1.  Moreover, although Mr. Watt did express his

15  unwillingness to sit for the deposition himself (J. Gray Decl. Exh. E at 1-2, 4-5), he at no point

16  objected or formally responded to Robocast's deposition subpoena.

17

18  Federal Rule of Civil Procedure 26 states that parties may obtain discovery regarding any

19  non-privileged information that is relevant to its claims and the court may order discovery of any

20  information relevant to the action.  F.R.C.P. 26(b)(1).  Here, Defendant Microsoft argues that all

21  remaining information concerning the alleged infringed product appears to be in the possession of

22  Miomni Holdings and its U.S. office known as Miomni Corp.  Defendant further argues that Miomni

23  Corp. has waived any objections that it may have had as the subpoena was served more than two

24  months ago and Miomni Corp. has yet to formally object or substantively respond.  "A nonparty's

25  failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any

26  objections have been waived."  Prescott v. County of Stanislaus, No. 1:10-cv-00592 JLT, 2011 U.S.

27  Dist. LEXIS 134137, at *13 (E.D. Cal. Nov. 21, 2011) (internal quotations omitted).

28

**United States District Court**
For the Northern District of California

1   Miomni has neither objected to the subpoena nor mentioned any grounds that would justify not

2   complying with it.  In responding to a deposition subpoena, a third party's options are to:  (1)

3   comply with the subpoena; (2) move to quash or modify the subpoena pursuant to Federal Rule of

4   Civil Procedure 45 (c)(3)(A); or (3) move for a protective order pursuant to Rule 26(c).  <u>Union Bank</u>

5   <u>of California 401(k) Plan v. Hansen (In re Coan)</u>, No. C 066-80350 MISC SI, 2007 U.S. Dist.

6   LEXIS 6288, at *6 (N.D. Cal. Jan. 12, 2007); <u>see also</u> 9-45 Moore's Federal Practice – Civil § 45.30

7   (2006).  Miomni has failed to pursue any of these options, and the Court hereby grants Plaintiff's

8   motion to compel Miomni to designate, prepare, and produce a witness for Plaintiff's noticed topics.

9

10

11

12      **IT IS SO ORDERED.**

13

14   Dated: June 21, 2013                           *Elijah D. Laporte*

15                                               ELIZABETH D. LAPORTE
                                                Chief United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

3