IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBOCAST, INC.,

    Plaintiff,

v.

MICROSOFT CORP.,

    Defendant.

No. C -13-80124 RS (EDL)

**ORDER**

This is an action for patent infringement regarding automated web browsing tools and technology covered by U.S. Patent No. 7,155,451 (the "451 patent"). Pending before the Court is Plaintiff's Motion to Compel Rule 30(b)(6) Deposition of Miomni Corporation ("Miomni"), a third party believed to have information concerning the design, development, and functionality of the alleged infringed product. Miomni has not objected to the subpoena, designated a witness, or otherwise substantively replied to the subpoena. Plaintiff seeks an order compelling Miomni to prepare and produce a witness for deposition. Judge Seeborg referred the case to the Court for discovery purposes. Docket No. 6. The Court grants Plaintiff's motion to compel Miomni to designate, prepare, and produce a witness for Plaintiff's noticed topics.

On December 6, 2010, Plaintiff Robocast filed a complaint against Defendant Microsoft for infringement of the "451 patent." Declaration of Justin Gray, hereafter "J. Gray Decl.," Exh. A. Among the accused products was a feature incorporated into Microsoft's Windows Media Center for Windows Vista known as the Sports Channel. J. Gray Decl. Exh. B. Defendant has denied that it possesses relevant information concerning the Sports Channel but confirmed that a Miomni-related

1  entity called Miomni Ltd. designed and developed the Sports Channel software for Microsoft.  J.
2  Gray Decl Exh. D.

4       On March 12, 2013, Plaintiff properly served a deposition subpoena pursuant to Federal Rule
5  of Civil Procedure 30(b)(6) on Miomni, requesting information known to Miomni Corp. and any
6  related parent, subsidiary, or otherwise affiliated companies concerning seventeen topics related to
7  the Sports Channel.  J. Gray Decl. Exh. I.  On March 14, 2013, Mr. Andy Watt, director and
8  shareholder of Miomni Ltd. and Miomni Holdings, informed Plaintiff that Miomni Ltd. had
9  dissolved and all documents, including source code, relating to the Sports Channel "went" during
10 the liquidation.  J. Gray Decl. Exh. E at 4.  Mr. Watt would not confirm that the documents had been
11 destroyed, but stated that Miomni did not hold any documentation or code.  J. Gray Decl. Exh. E at
12 3-44.  Despite evidence to the contrary, including representations on Miomi Holdings' website, Mr.
13 Watt asserted that Miomni Corp. had nothing to do with the Sports Channel and Miomni Corp. does
14 not have any employees in the United States.  Id. at 1.  Moreover, although Mr. Watt did express his
15 unwillingness to sit for the deposition himself (J. Gray Decl. Exh. E at 1-2, 4-5), he at no point
16 objected or formally responded to Robocast's deposition subpoena.

18      Federal Rule of Civil Procedure 26 states that parties may obtain discovery regarding any
19 non-privileged information that is relevant to its claims and the court may order discovery of any
20 information relevant to the action.  F.R.C.P. 26(b)(1).  Here, Defendant Microsoft argues that all
21 remaining information concerning the alleged infringed product appears to be in the possession of
22 Miomni Holdings and its U.S. office known as Miomni Corp.  Defendant further argues that Miomni
23 Corp. has waived any objections that it may have had as the subpoena was served more than two
24 months ago and Miomni Corp. has yet to formally object or substantively respond.  "A nonparty's
25 failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any
26 objections have been waived."  Prescott v. County of Stanislaus, No. 1:10-cv-00592 JLT, 2011 U.S.
27 Dist. LEXIS 134137, at *13 (E.D. Cal. Nov. 21, 2011) (internal quotations omitted).

2

Miomni has neither objected to the subpoena nor mentioned any grounds that would justify not complying with it. In responding to a deposition subpoena, a third party's options are to: (1) comply with the subpoena; (2) move to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45 (c)(3)(A); or (3) move for a protective order pursuant to Rule 26(c). <u>Union Bank of California 401(k) Plan v. Hansen (In re Coan)</u>, No. C 066-80350 MISC SI, 2007 U.S. Dist. LEXIS 6288, at *6 (N.D. Cal. Jan. 12, 2007); <u>see also</u> 9-45 Moore's Federal Practice – Civil § 45.30 (2006). Miomni has failed to pursue any of these options, and the Court hereby grants Plaintiff's motion to compel Miomni to designate, prepare, and produce a witness for Plaintiff's noticed topics.

**IT IS SO ORDERED.**

Dated: June 21, 2013

*[signature: Elizabeth D. Laporte]*

ELIZABETH D. LAPORTE
Chief United States Magistrate Judge

**United States District Court**
For the Northern District of California